IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LAWANDA JH-BEY TM,<br><br>Plaintiff,<br><br>v.<br><br>MAGISTRATE ALLGOOD; SOLICITOR GENERAL LOGGINS; CHARLES B. WEBSTER DETENTION CENTER; SOLICITOR GENERAL RUIZ; NANCY B. JOHNSON; RICHMOND COUNTY SHERIFF OFFICE; CIVIL AND MAGISTRATE COURT; AUGUSTA RICHMOND COUNTY; AUGUSTA RICHMOND COUNTY CORPORATION; DEPUTY SHERIFF MARLON CAMPBELL; DEPUTY SHERIFF MARZOFKA; FNU SCOTT; and FNU ELLISON,<br><br>Defendants. | ) | CV 119-177 |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On October 31, 2019, the Court denied Plaintiff's IFP motion without prejudice and directed her to submit an updated IFP motion containing current, accurate, and complete financial information. (Doc. no. 10.) The Court cautioned Plaintiff that failing to submit a timely IFP motion would result in a recommendation for dismissal of this action, without prejudice. (Id. at 3.) The time to respond has passed, and Plaintiff has not submitted an updated IFP motion.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an updated IFP motion or even to provide the Court with an explanation for her failure to comply with the October 31st Order, amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would result in a recommendation for dismissal. Furthermore, because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an updated IFP motion as required by the Court's October 31st Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA